IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

ELIZABETH GALLOWAY, et al.          :
     Plaintiffs                      :
     v.                            :     C.A. #01-0835
SOUTHWARK PLAZA LIMITED PARTNERSHIP,  :
   et al.                              :
     Defendants                  :

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
COURT APPROVAL OF THE PROPOSED CLASS ACTION SETTLEMENT**

## I. INTRODUCTION

For many years, the Philadelphia Housing Authority (hereinafter "PHA") owned and

operated as public housing units the rental units at Southwark Plaza in Philadelphia,

Pennsylvania. Pursuant to 42 U.S.C. § 1437z-7, PHA transferred title to the property and in

January of 1998 PHA entered into a Regulartory and Operating agreement with Southwark Plaza

Limited Partnership (hereinafter "the Southwark defendants"). The purpose of this transaction

was to establish a mixed-financing entity for the rehabilitation and reconstruction of the rental

units at Southwark Plaza. Pursuant to the regulatory and operating agreement, all of the 470

rental units at Southwark were to be operated as public housing units.[1] Also in January of 1998

PHA entered into an amended Annual Contributions Contract (hereinafter "ACC") with the U.S.

Department of Urban Development (hereinafter "HUD") providing that various sources of funds,

including the annual operating subsidy, would be assigned to the development.[2] Accordingly, the

mixed-financing consisted of these funds from HUD and tax credit funding pursuant to 26 U.S.C.

§ 42(g).

Pursuant to 24 C.F.R. § 941.606(n)(1)(B)(iii), PHA was and is required to take all actions

necessary to insure that the rental units at Southwark were and are managed in compliance with

---

[1] A copy of the Regulatory and Operating agreement is attached to the class action
complaint as Exhibit "C".

[2] A copy of the Amended Annual Contributions contract is attached to the class action
complaint as Exhibit "B".

the provisions of the U.S. Housing Act, 42 U.S.C. § 1437. This regulatory requirement was also mirrored by a provision in the amended ACC at Section 5 on page 2 of that agreement.

On February 20, 2001 Elizabeth Galloway commenced the above-captioned matter by filing a motion for class certification and a class action complaint alleging that the Southwark defendants have patterns, practices and/or policies of:

a) Failing to operate all 470 rental units in accordance with all applicable public housing requirements;

b) Designating some of the rental units as exclusively "non-public housing" units;

c) Treating residents of "non-public housing" units as non-public housing tenants without any public housing rights;

d) Failing and refusing to provide all Southwark tenants with leases that met the requirements of the U.S. Housing Act;

e) Constructively terminating Southwark tenants from the public housing program, without advance notice or an opportunity to be heard, when their income exceeded 30% of the median income for the Philadelphia metropolitan area;

f) Failing and refusing to apply the PHA ceiling rents;

g) Failing and refusing to set all Southwark units with rents in conformity with the requirements of the U.S. Housing Act;

h) Failing and refusing to provide all Southwark tenants with a grievance process that met the requirements of the U.S. Housing Act and that operated in conformity with the requirements of PHA's grievance process;

i) Failing and refusing to provide Southwark tenants with lease termination notices that meet the requirements of 24 C.F.R. § 966.4(l);

j) Failing and refusing to provide tenants with 30 days advance written notice of rent increases;

k) Failing and refusing to provide tenants with interim rent re-examinations;

2

l)  Failing and refusing to provide adjustments to utility allowances;

m)  Failing and refusing to manage and operate the Southwark rental units in compliance with the ACC;

n)  Failing to manage and operate the Southwark rental units in compliance with the Regulatory and Operating Agreement.

The class action complaint named Southwark Plaza Limited Partnership; CDA Southwark, Inc; NHP Management Company, William Keith and Felicia Moten as defendants. All of these parties came to be represented by Jeffrey A. Lutsky, Esquire, of Stradley Ronon, LLP, and have been designated the "Southwark defendants". The class action complaint also named as defendants the Philadelphia Housing Authority and Carl Greene. These parties came to be represented by Denis J. Lawler, Esquire, of Blank, Rome, LLP and have been designated the "PHA defendants".

The parties subsequently met, in an initial attempt to explore settlement and, on May 11, 2001, all of the parties filed a stipulation providing for an extension of time through June 12, 2001 for the defendants to respond to the class action complaint and motion for class certification. By stipulations docketed on June 12, 2001 and July 11, 2001, the parties agreed to further extensions through July 12, 2001 and August 24, 2001, respectively. By order docketed on August 15, 2001, the plaintiffs' motion for class certification was denied without prejudice to refile in the event that the parties could not work out a settlement agreement.

Thereafter the parties engaged in extensive, detailed and lengthy settlement negotiations and 18 stipulations and orders for extensions for the defendants' responses to the class action complaint and for plaintiffs to file a renewed motion for class certification were granted between October of 2001 and January of 2003.

In conducting the settlement negotiations, counsel for plaintiffs' conducted extensive informal discovery on class-related issues and counsel for both sets of defendants were

cooperative in providing information about issues regarding potential relief to the class, including, but not limited to the following:

      a)  The number of tenants at the Courtyard[3] that were being charged public housing rents;[4]

      b)  The number of tenants at the Courtyard that were being charged tax credit rents;[5]

      c)  Information about the waiting lists at the Courtyard;

      d)  Information about the grievance procedure at the Courtyard;

      e)  Information about the tenants who had been evicted from the Courtyard;

      f)  Information about the utility allowances used at the Courtyard and any underlying basis for their establishment;

      g)  Information about the form of lease used at the Courtyard; and

      h)  Information about the PHA defendants' actions to insure that the tenants at the Courtyard received all applicable public housing rights, as mandated by 24 C.F.R. § 941.606(n)(1)(B)(iii).

The discovery revealed that:

      a)  Two hundred fifty-nine tenants at the Courtyard were being charged public housing rents;

      b)  Two hundred thirty-one tenants at the Courtyard were being charged rents in excess of public housing rents;

      c)  The Courtyard grievance hearing process did not conform to PHA's grievance hearing process;

---

[3]In 1999 the name of Southwark Plaza was changed to the Courtyard Apartments at Riverview.

[4]Rents being calculated pursuant to § 1437a of the U.S. Housing Act.

[5]Rents which are calculated pursuant to 26 U.S.C. § 42(g)

d) The lease utilized by the Courtyard did not conform to the requirements of 24 C.F.R. §§ 966.4 and 966.6;

e) The basis for the utility allowances utilized by the Courtyard could not be ascertained;

f) Only one tenant was possibly evicted from a Courtyard apartment as a result of being charged rent in excess of allowable public housing rent, rather than a public housing, rent.[6]

Over a one and one-half year period, the parties engaged in detailed settlement negotiations and the drafting of a settlement stipulation, a lease agreement that conforms with the requirements of 24 C.F.R. §§ 966.4 and 966.6, a notice of proposed settlement to class, a final notice of settlement, and a joint motion for conditional certification and approval of the preliminary notice to the class. The joint motion and settlement stipulation were filed on January 27, 2003.

By order docketed on February 5, 2003, the motion was granted. That order conditionally certified a class of all current and former tenants who are residing, or who will reside, in rental units at Southwark Plaza (a/k/a the Courtyard Apartments at Riverview), Philadelphia, Pennsylvania, and all tenants who formerly resided in a rental unit at the Courtyard at any time after December 1, 1997. The order also found, upon preliminary review, that the settlement agreement appeared to be fair, adequate and reasonable and that it should be submitted to the class members for consideration and for a hearing to determine whether the settlement will be approved by the Court. The order further:

a) Approved the notice of proposed settlement to the class members;

---

[6]Defendants subsequently voluntarily re-instated this tenant to a public housing unit at the Courtyard as part of the settlement.

b) Directed the Southwark defendants to serve, within 60 days of the date of the order, notice on the class by first class mail postage prepaid to the last known address of all class members;[7]

c) Established procedures for objections by class members to the proposed settlement agreement;

d) Established a procedure for class members to exclude themselves from the proceeding; and

e) Scheduled the fairness hearing for June 12, 2003 at 10:00 AM.

Defendants did correctly follow the mandates for service of the notice of proposed settlement upon the class members. Defendants employed the locator services of Donovan and Clark to obtain addresses for class members who no longer resided at the Courtyard. The notice of the proposed settlement was mailed out to all class members, including both current and former tenants, on April 4, 2003. Defendants failed a certificate of this service on April 4, 2003.[8] Altogether, the notice was mailed to 491 class members who are current tenants at the Courtyard and 45 former tenants. In response to that notice 17 class members filed notices, opting out of the class.[9] Two of those filings were untimely. No objections to the proposed settlement were filed with the Clerk's office.

On May 1, 2003, defendants re-served notice on 17 class members whose initial notice April 4, 2003 notices were returned by the post office for incorrect address information.

---

[7]Paragraph 22 of the settlement stipulation requires the Southwark defendants to employ, within 30 days of the date of the order, a locator service "to use reasonable and good faith efforts to obtain last known addresses for all class members who no longer reside at the Courtyard."

[8]Appearing as entry #37 on the docket in this action.

[9]Appearing as entries ##38 through 49 on the docket in this action. A copy of the docket entries is attached to this memorandum as Exhibit "A".

Defendants filed a certification of this service on May 8, 2003.[10] No opt-out notices or objections were filed with the Clerk in response to this second notice.

The proposed settlement provides that:

a) All rental units at the Courtyard shall be operated, managed and maintained as public housing units (paragraph 10);

b) The defendants shall utilize exclusively a lease that conforms to 24 C.F.R. §§ 966.4 and 96.6 (paragraph 13(a));[11]

c) The defendants shall implement a grievance hearing process that conforms to PHA's grievance hearing process (paragraph 13(b));[12]

d) All prospective rents shall be calculated in compliance with 42 U.S.C. § 1437a (paragraph 13(c));

e) The Southwark defendants shall conduct a utility allowance analysis in accordance with 24 C.F.R. §§ 965.501, *et seq.*, and prospectively adjust utility allowances at the Courtyard in accordance with the analysis (paragraph 13(d));

f) The defendants shall otherwise operate and manage all rental units at the Courtyard in compliance with federal public housing law (paragraph 13(e));

g) For all tenants who initially paid public housing rents and then were subsequently charged tax credit rents, recalculation and adjustment of their rents to public housing, retroactive to the date that they were first charged tax credit rents (paragraph 15);

---

[10]Appearing as entry #50 on the docket in this action.

[11]During the course of the negotiations, the parties negotiated the specific lease form to be utilized by the Southwark defendants. A copy of the lease is attached to the joint motion as Exhibit 4.

[12]The specific grievance hearing process is set forth at paragraph 16 of the lease agreement and is also attached to the joint motion as Exhibit 5.

h) For all other class members who were charged rent in excess of allowable public housing rent, recalculation and adjustment of their rents to public housing rents for the period of time commencing with January 1, 2001 (paragraph 16));

i) Rent credits arising as a result of the recalculation and adjustment of rents shall be placed on the class member's rent account to be applied to future rent until such time as the credit is used up unless (paragraph 18)):

i) The class member is a negative or zero renter, in which case the credit shall be paid to the class member in twelve monthly installments (paragraph 18));

ii) A class member moves to a non-Courtyard apartment, in which case the class member shall receive, within 90 days, a check for any credit balance remaining on that tenant's account (paragraph 19));

iii) A class member does not reside at the Courtyard at the time of the entry of the final order, in which case the class member shall receive a check for that tenant's net credit balance within 60 days (paragraph 20)); and

iv) A credit balance remains on a class member's account after two years, in which case the balance shall be paid to the class member in the form of a check (paragraph 18));

j) Elizabeth Galloway shall receive the same relief as would any other class member based upon her individual circumstances (paragraph 21));

k) The PHA defendants shall assign a specific PHA employee the responsibility to monitor the Southwark defendants in order to insure that the rental units at the Courtyard are operated and managed in compliance with the U.S. Housing Act, 42 U.S.C. § 1437 and 24 C.F.R. § 961.606(n)(1)(B)(iii) (paragraph 29(a));

l) The PHA defendants shall provide class counsel with an annual report for the next five years about the actions that PHA has taken to carry out the monitoring (paragraph 29(b));

m) The defendants shall pay Community Legal Services $121,500.00 on account of attorneys fees for the prosecution of this action through October 28, 2002 (paragraph 30);

n) The class counsel shall have the right to apply to the Court for an award of reasonable attorneys and expenses for the period of time commencing on October 29, 2002 (paragraph 30);

o) The Court shall retain jurisdiction over this matter for 15 years from the date of the entry of the final order (paragraph 36); and

p) The class members shall release the defendants from all claims that were asserted in this action (paragraph 37).

## II. DISCUSSION

### A. Standards For Approval Of A Class Action Settlement

Generally, compromise of complex litigation is encouraged by the courts and is favored by public policy. Carson v. American Brands, Inc., 450 U.S. 79, 88 n. 14, 101 S.Ct. 993, 998-999 (1981). Substantial judicial resources can be conserved by avoiding formal litigation. In re General Motors Corp Pick-up Truck Fuel Tanks Prods Liab Litig, 55 F.3rd 768 (3rd Cir.), *cert denied*, 116 S.Ct. 88 (1995). Class actions involve many factors that lend themselves to compromise, including uncertainty of outcome, difficulties of proof, and length of litigation. *See*, Galdi Sec Corp v Propp, 87 FRD 6 (S.D.N.Y. 1979). In re General Motors, *supra*.

Settlement of a class action must be approved by the court. Fed. Rule Civ. Proc. 23(e). Approval of the settlement is left to the sound discretion of the trial court. Girsh v. Jepson, 521 F.2d 153, 156 (3rd Cir. 1975). There is a presumption of fairness when a proposed class action settlement has been negotiated at arm's length by counsel for the class. *See*, In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285 (2nd Cir. 1990). However, the court may not act as a rubber stamp and must objectively analyze the evidence and circumstances to determine if the settlement is in the best interests of the class members, whose claims will be extinguished. The court's analysis should not include a decision of the case on the merits or resolve unsettled legal

9

questions. Carson, *supra* at 88, n. 14. Ultimately, the court must approve or reject a proposed class action settlement, but may not modify it. Jeff D. v. Andrus, 889 F.2d 617, 622 (9th Cir. 1989).

The burden of establishing fairness lies with the proponents. In re General Motors, *supra*. The Third Circuit has set forth a number of factors relevant to a fairness determination:

> " . . . (1) the complexity, expense and likely duration of the litigation . . . ; (2) the reaction of the class to the settlement . . . ; (3) the state of the proceedings and the amount of discovery completed . . . ; (4) the risks of establishing liability . . . ; (6) the risks of establishing damages . . . ; the risks of maintaining the class action through the trial . . . ; (7) the ability of the defendant to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery . . . ; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation . . . ."

Girsh, *supra* at 157, *quoting*, City of Detroit v. Grinnell Corp., 495 F.2d 448 (2nd Cir. 1974).

## B. The Proposed Class Settlement Meets The Fairness Test

Applying the Girsh considerations to the current proposed settlement leads to the conclusion that the proposed settlement should be approved by the Court.

### 1. Complexity, Expense And Likely Duration Of Litigation

Generally:

> [In comparing] the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation . . . '[i]t has been held proper to take the bird in the hand instead of a prospective flock in the bush.'"

Oppenlander v. Standard Oil Co, 64 FRD 597, 624 (D. Colo. 1974).

The instant case was filed more than two years ago, in February of 2001. There has been extensive informal discovery and extensive negotiation. A class has been conditionally certified. Nonetheless, the case is still in a fairly early posture in the litigation process and very likely would require considerable additional time and resources to reach a final resolution if it were to be fully litigated. As a practical matter, plaintiffs would, if this settlement were not approved,

file a renewed motion for class certification, conduct formal discovery and file a motion for summary judgment. Undoubtedly, the defendants would oppose any renewed motion for class certification and any motion for summary judgment. Additionally, it is likely that both the Southwark and the PHA defendants would file motions to dismiss the class action complaint. If the summary judgment motion and the motions to dismiss were not granted, then the case would have to be prepared for trial and tried to conclusion. It is likely that a great deal of time would pass before the class members would receive relief and, ultimately, there is no guarantee that, should the case be tried to conclusion, the class members would obtain any relief.

Complexity factors also weigh in favor of approval of the proposed settlement agreement. While there are not a massive number of class members, there are a great many issues, including, to name a few:

a) Whether all of the units at the Courtyard should be operated as public housing units;

b) The calculation of tenant rents in compliance with 42 U.S.C. § 1437a;

c) The implementation of a grievance hearing process that conform's to the PHA process;

d) The use of a lease that meets the requirements of federal public housing law;

e) The operation and management of Courtyard units in compliance with federal public housing law;

f) The implementation of a utility allowance system that meets the requirements of 24 C.F.R. §§ 965.501, et seq.; and

g) Whether the PHA defendants met their monitoring requirements pursuant to 42 U.S.C. § 1437 and 24 C.F.R. § 961.606(n)(1)(B)(iii).

These are the main issues/forms of relief that the plaintiffs would allege and seek to establish. Undoubtedly, the defendants would have many issues that they would seek to raise.

In addition, the remedy issues are somewhat complex. The settlement agreement fashions a fairly complex remedy in order to insure that the plaintiff class members receive appropriate relief and in order to insure that defendants' past practice, policy or procedure will not be followed prospectively. The settlement stipulation spells out the various forms of relief for the issues identified above. If litigation proceeds, and assuming that the plaintiffs prevail, the task of refashioning this complex remedy would fall to the Court.

## 2. The Reaction Of The Class To The Settlement

One indication of the fairness of a settlement is the lack of or small number of objections. Schlensky v. Dorsey, 574 F.2d 131 (3rd Cir. 1978) (Overwhelming majority of the class members did not object.); Lachance v. Harrington, 965 F.Supp. 630 (E.D. Pa 1997) (No objections voiced); In re SmithKline Beckman Corp Sec Litig, 751 F.Supp. 525 (E.D. Pa 1990) In the instant case, no objections have been filed or voiced by any class members. To date only seventeen of the five hundred thirty-six class have filed requests for exclusion.[13]

While a court may have a slightly higher duty to scrutinize a sophisticated settlement where the majority of the absent class members are both unrepresented and lack sufficient knowledge to evaluate the fairness the proposed settlement,[14] there is nothing to suggest that the class members in this action lack sufficient knowledge. The public housing class members are familiar with the workings of and their rights in the public housing program. All class members have been provided with a notice of the proposed settlement that thoroughly explained the proposed settlement and that advised them of their right to contact class counsel for further information. Twenty class members, in fact, contacted class counsel for further advice and information.

---

[13]The request for exclusion form of Maggie L. Thomas was included among the 17 requests for exclusion. However, it was not timely filed. Less than 3 percent of the class members timely elected to be excluded.

[14]*See*, Norman v. McKee, 290 F.Supp. 29 (ND Cal 1968), *aff'd* 431 F.2d 679 (9th Cir), *cert denied*, 401 U.S. 912 (1971).

### 3. The Stage Of the Proceeding And Discovery Conducted

At a minimum, the court must possess sufficient information to raise its decision above mere conjecture. Cotton v. Hinton, 559 F.2d 1326, 1332 (5th Cir. 1977). As noted above, this matter is still in a very early procedural posture, despite more than two years of negotiation. Nonetheless, extensive informal discovery has been conducted. As a result of this extensive informal discovery and as a result of the lengthy, detailed and extension settlement negotiations, the parties are in an excellent position to determine the respective merits of their claims or defenses and are in an excellent position to determine the size and make-up of the class. The current residents at the Courtyard are easily identifiable and the Southwark defendants' records have been used to identify any class members who formerly resided at the Courtyard.

The pleadings in this matter have given the Court adequate information to understand the legal issues involved in the claims and defenses as well as the potential factual issues. These pleadings include the plaintiffs' class action complaint, the plaintiffs' motion for class certification and the settlement stipulation attached to the joint motion for conditional certification and approval of the preliminary notice to the class.

Nonetheless, a great deal of additional time and expense would be required if this matter were to proceed to trial and final resolution. The trial itself could require presentation of extensive facts, witnesses and evidence. As a result, the current procedural posture of this litigation, as well as the extensiveness and nature of the informal discovery and settlement negotiations conducted, weigh heavily in establishing the fairness of the proposed settlement.

### 4. The Risks Of Establishing Liability And Damages

While not making a decision on the merits, a court must rationally appraise the action in light of the uncertainties of fact and law in order to determine the fairness of the settlement. Principe v. Ukropina (In re Pacific Enters. Sec. Litig.) 47 F.3d 373 (9th Cir. 1995). In the instant case if the settlement is not approved and if the class is not certified, in particular, the relief received by some class members might be circumscribed by the relevant statute of limitations.

Those affected class members might not receive any relief. Accordingly, there is significant risk for some class members in establishing both liability and the right to relief.

### 5. The Risks Of Maintaining The Class Action Through Trial

There are clear risks of maintaining the class action through trial in this matter. As time goes by many factors affect members of the class. Some class members may die. Some class members may move away and not be found. As time goes by it is likely that additional class members will be "lost".

### 6. The Ability Of The Defendants To Withstand A Greater Judgment

While the defendants might be able to withstand a greater judgment, the class members, in receiving multi-faceted relief, are receiving virtually all of the relief to which they claim they are entitled. While some class members (those treated as non-public housing tenants) will not receive a monetary award covering excess rental charges prior to January 1, 2001, all class members will receive immediate relief in the form of some retroactive rent adjustments; prospective correct calculation of their rent; a lease, grievance procedure, and utility allowance system that conforms to federal public housing law; and monitoring by the PHA defendants to insure that they receive all public housing rights. These factors weigh heavily in favor of accepting the immediate offer of settlement instead of waiting for a possible greater amount.

### 7. Range of Reasonableness

The final two factors--the range of reasonableness of the settlement fund in light of the best possible recovery and in light of the attendant risks of litigation--also weigh in favor of approval of the proposed settlement. The range of reasonableness has been described as follows:

> [I]n any case there is a range of reasonableness with respect to a settlement--range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion--and weighed not against the net worth of the defendants, but against the possibility of greater relief at a later time."

Newman v. Stein, 464 F.2d 689 (2nd Cir.), *cert denied*, 409 U.S. 1039 (1972).

14

The proposed settlement provides that the class members will receive, prospectively, all of the rights of public housing tenants and, retroactively, almost all of the rent adjustments that they should have received as public housing tenants.[15]

While the proposed settlement does not recompense the class members for the time that they did not receive their full public housing rights, monetary relief would not be appropriate for many of the claims, such as the failure to implement a grievance process or to utilize a lease that met the requirements of federal public housing law or the failure of the PHA defendants to properly monitor the Southwark defendants. These considerations clearly demonstrate that the proposed settlement falls within the range of reasonableness.

## III. CONCLUSION

In light of the above the plaintiffs respectfully request that this Honorable Court approve the proposed settlement.

Michael Donahue, Esquire
George D. Gould, Esquire
Ruthellen Landau, Esquire
Community Legal Services, Inc.
1424 Chestnut Street
Philadelphia, PA 19102
215-981-3700
Counsel for Plaintiffs

---

[15]Many of the prospective forms of relief cannot be provided retroactively. Examples of this would be implementation of a grievance procedure or use of a lease that meets the requirements of public housing law.

15

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
## CIVIL DOCKET FOR CASE #: 2:01-cv-00835-LDD

GALLOWAY v. SOUTHWARK PLAZA LIMI, et al
Assigned to: JUDGE LEGROME D. DAVIS
Referred to:

Demand: $0

Lead Docket: None

Related Cases: None

Case in other court: None

Cause: 42:1983 Civil Rights Act

Date Filed: 02/20/01

Jury Demand: None

Nature of Suit: 440 Civil Rights: Other

Jurisdiction: Federal Question

**Plaintiff**

----------------------

**ELIZABETH GALLOWAY,** *ET AL*          represented by **MICHAEL DONAHUE**
COMMUNITY LEGAL SERVICES,
INC
1424 CHESTNUT ST
PHILADELPHIA, PA 19102
215-981-3769
Fax : 215-981-0434
Email: mdonahue@clsphila.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

----------------------

**SOUTHWARK PLAZA LIMITED**          represented by **JEFFREY A. LUTSKY**
**PARTNERSHIP**                                STADLEY RONON STEVENS &
YOUNG LLP
2600 ONE COMMERCE SQ
PHILADELPHIA, PA 19103
215-564-8000
Fax : 215-564-8120
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**CDA SOUTHWARK, INC.**          represented by **JEFFREY A. LUTSKY**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MANAGING GENERAL PARTNER**          represented by
**JEFFREY A. LUTSKY**
(See above for address)
*LEAD ATTORNEY*



*ATTORNEY TO BE NOTICED*

**NHP MANAGEMENT COMPANY**          represented by **JEFFREY A. LUTSKY**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

**FELICIA MOTON**                   represented by **JEFFREY A. LUTSKY**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

**PHILADELPHIA HOUSING**            represented by **DENIS JAMES LAWLER**
**AUTHORITY**                                      BLANK ROME COMISKY &
                                                   McCAULEY
                                                   ONE LOGAN SQUARE
                                                   PHILADELPHIA, PA 19103
                                                   215-569-5550
                                                   Fax : 215-832-5555
                                                   Email: lawler@blankrome.com
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

**WILLIAM KEITH**                   represented by **JEFFREY A. LUTSKY**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

**CARL GREENE**                     represented by **DENIS JAMES LAWLER**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

| Filing Date | # | Docket Text |
|---|---|---|
| 02/20/2001 | 1 | MOTION by PLAINTIFF ELIZABETH GALLOWAY TO PROCEED IN FORMA PAUPERIS (fe) (Entered: 02/21/2001) |
| 02/20/2001 | | Standard Case Management Track. (fe) (Entered: 02/21/2001) |
| 02/27/2001 | 2 | MOTION by PLAINTIFF ELIZABETH GALLOWAY FOR CLASS CERTIFICATION , MEMORANDUM, CERTIFICATE OF SERVICE. (jl) (Entered: 02/27/2001) |
| 02/27/2001 | 3 | Complaint. filing fee $ IFP (jl) (Entered: 02/27/2001) |
| 02/27/2001 | 4 | ORDER THAT PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS IS GRANTED, ETC. ( SIGNED BY JUDGE RONALD L. BUCKWALTER ) 2/27/01 ENTERED AND FAXED. (jl) |

| | | |
|---|---|---|
| | | (Entered: 02/27/2001) |
| 02/27/2001 | | 8 Summons(es) issued Forwarded to: US MARSHALLS 2/27/01 (jl) (Entered: 02/27/2001) |
| 03/08/2001 | 5 | Praecipe to issue alias summons for DEFENDANT SOUTHWARK PLAZA LIMI, DEFENDANT CDA SOUTHWARK, INC., DEFENDANT MANAGING GENERAL PAR, DEFENDANT NHP MANAGEMENT CO, DEFENDANT FELICIA MOTON, DEFENDANT PHA, DEFENDANT WILLIAM KEITH, DEFENDANT CARL GREENE. (kw) (Entered: 03/09/2001) |
| 03/23/2001 | 6 | Waiver of Service Returned Executed as to DEFENDANT CARL GREENE 3/12/01. Answer due on 5/11/01 for CARL GREENE. (rp) (Entered: 03/23/2001) |
| 03/23/2001 | 7 | Waiver of Service Returned Executed as to DEFENDANT PHA 3/12/01. Answer due on 5/11/01 for PHA. (rp) (Entered: 03/23/2001) |
| 04/10/2001 | 8 | Appearance of JEFFREY A. LUTSKY for DEFENDANT SOUTHWARK PLAZA LIMITED, DEFENDANT CDA SOUTHWARK, INC., DEFENDANT NHP MANAGEMENT CO, DEFENDANT FELICIA MOTON, DEFENDANT WILLIAM KEITH. (mbh) (Entered: 04/11/2001) |
| 04/11/2001 | 9 | Waiver of Service Returned Executed as to DEFENDANT CARL GREENE, DEFENDANT PHA, DEFENDANT FELICIA MOTON, DEFENDANT CDA SOUTHWARK, INC., DEFENDANT SOUTHWARK PLAZA LIMITED 3/12/01. Answer due on 5/11/01 for CARL GREENE, for PHA, for FELICIA MOTON, for CDA SOUTHWARK, INC., for SOUTHWARK PLAZA LIMITED. (kw) (Entered: 04/12/2001) |
| 05/11/2001 | 10 | STIPULATION AND ORDER THAT THE TIME FOR DEFTS TO RESPOND TO THE CLASS ACTION COMPLAINT & TO RESPOND TO MOTION FOR CLASS CERTIFICATION IN THE ABOVE MATTER SHALL BE EXTENDED TO 6/12/01 . (Attorney: DENIS JAMES LAWLER, JEFFREY A. LUTSKY) ( SIGNED BY JUDGE RONALD L. BUCKWALTER ) 5/11/01 ENTERED AND COPIES FAXED. (kw) Modified on 06/14/2001 (Entered: 05/11/2001) |
| 06/12/2001 | 11 | STIPULATION AND ORDER THAT THE TIME FOR DEFTS TO RESPOND TO THE CLASS ACTION COMPLAINT & TO RESPOND TO THE MOTION FOR CLASS CERTIFICATION IN THE ABOVE MATTER SHALL BE EXTENDED TO 7/12/01 . ( SIGNED BY JUDGE RONALD L. BUCKWALTER ) 6/12/01 ENTERED AND COPIES FAXED. (kw) (Entered: 06/12/2001) |

| 07/11/2001 | 12 | STIPULATION AND ORDER THAT THE TIME FOR DEFTS TO RESPOND TO THE CLASS ACTION COMPLAINT & MOTION FOR CLASS CERTIFICATION IN THE ABOVE MATTER SHALL BE EXTENDED TO 8/24/01 . ( SIGNED BY JUDGE RONALD L. BUCKWALTER ) 7/11/01 ENTERED AND COPIES FAXED. (kw) (Entered: 07/11/2001) |
|---|---|---|
| 08/15/2001 | 13 | ORDER THAT PLFFS' MOTION FOR CLASS CERTIFICATION IS DISMISSED WITHOUT PREJUDICE, ETC. ( SIGNED BY JUDGE RONALD L. BUCKWALTER ) 8/15/01 ENTERED AND COPIES FAXED. (kw) (Entered: 08/15/2001) |
| 10/09/2001 | 14 | STIPULATION AND ORDER THAT THE TIME FOR DEFTS TO RESPOND TO THE CLASS ACTION COMPLAINT SHALL BE EXTENDED TO 10/31/01 & THAT PLFFS MAY FILE A RENEWED MOTION FOR CLASS CERTIFICATION, WITHOUT LEAVE OF COURT, IF THE ANTICIPATED SETTLMENT AGREEMENT IS NOT CONSUMMATED, ETC. ( SIGNED BY JUDGE RONALD L. BUCKWALTER ) 10/10/01 ENTERED AND COPIES FAXED. (kw) (Entered: 10/11/2001) |
| 11/06/2001 | 15 | STIPULATION AND ORDER THAT THE TIME FOR DEFENDANTS TO RESPOND TO THE CLASS ACTION COMPLAINT IN THE ABOVE MATTER SHALL BE EXTENDED TO 11/30/01, AND THAT PLAINTIFFS MAY FILE A RENEWED MOTION FOR CLASS CERTIFICATION, WITHOUT LEAVE OF COURT, IF THE ANTICIPATED SETTLEMENT AGREEMENT IS NOT CONSUMMATED ( SIGNED BY JUDGE RONALD L. BUCKWALTER ) 11/6/01 ENTERED AND COPIES MAILED AND FAXED. (afm) (Entered: 11/06/2001) |
| 12/05/2001 | 16 | STIPULATION AND ORDER THAT THE TIME FOR DEFTS TO RESPOND TO THE CLASS ACTION COMPLAINT SHALL BE EXTENDED TO 1/11/02 & PLFFS MAY FILE A RENEWED MOTION FOR CLASS CERTIFICATION, WITHOUT LEAVE OF COURT, IF THE ANTICIPATED SETTLEMENT AGREEMENT IS NOT CONSUMMATED, ETC. ( SIGNED BY JUDGE RONALD L. BUCKWALTER ) 12/6/01 ENTERED AND COPIES FAXED. (kw) (Entered: 12/06/2001) |
| 01/15/2002 | 17 | STIPULATION AND ORDER, THAT THE TIME FOR THE DEFTS TO RESPOND TO THE CLASS ACTION COMPLAINT IN THE ABOVE MATTER SHALL BE EXTENDED TO 2/28/02 AND THAT PLFFS MAY FILE A RENEWED MOTION FOR CLASS CERTIFICATION, WITHOUT LEAVE OF COURT, IF THE ANTICIPATED SETTLEMENT AGREEMENT IS NOT CONSUMMATED, ETC.. (SIGNED BY JUDGE RONALD L. BUCKWALTER) 1/15/02 ENTERED AND COPIES FAXED. (fb) |

| | | (Entered: 01/15/2002) |
|---|---|---|
| 03/01/2002 | 18 | STIPULATION AND ORDER THAT THE TIME FOR DEFTS TO RESPOND TO CLASS ACTION COMPLAINT IN THE ABOVE MATTER SHALL BE EXTENDED TO 3/29/02 & THAT PLFFS MAY FILE A RENEWED MOTION FOR CLASS CERTIFICATION, WITHOUT LEAVE OF COURT, IF THE ANTICIPATED SETTLEMENT AGREEMENT IS NOT CONSUMMATED. ( SIGNED BY JUDGE RONALD L. BUCKWALTER ) 3/4/02 ENTERED AND COPIES FAXED. (kw) (Entered: 03/04/2002) |
| 04/01/2002 | 19 | STIPULATION AND ORDER THAT THE TIME FOR DEFTS TO RESPOND TO THE CLASS ACTION COMPLAINT SHALL BE EXTENDED TO 4/30/02 & PLFFS MAY FILE A RENEWED MOTION FOR CLASS CERTIFICATION, WITHOUT LEAVE OF COURT, IF THE ANTICIPATED SETTLEMENT AGREEMENT IS NOT CONSUMMATED , ETC. ( SIGNED BY JUDGE RONALD L. BUCKWALTER ) 4/1/02 ENTERED AND COPIES FAXED. (kw) (Entered: 04/01/2002) |
| 05/08/2002 | 20 | STIPULATION AND ORDER THAT THE TIME FOR DEFTS TO RESPOND TO THE CLASS ACTION COMPLAINT SHALL BE EXTENDED TO 6/17/02 & THAT PLFFS MAY FILE A RENEWED MOTION FOR CLASS CERTIFICATION, WITHOUT LEAVE OF COURT, IF THE ANTICIPATED SETTLEMENT AGREEMENT IS NOT CONSUMMATED, ETC. ( SIGNED BY JUDGE RONALD L. BUCKWALTER ) 5/9/02 ENTERED AND COPIES FAXED. (kw) (Entered: 05/09/2002) |
| 05/16/2002 | 21 | ORDER THAT THE ABOVE-CAPTIONED CASE IS REASSIGNED FROM THE CALENDAR OF THE HON. RONALD L. BUCKWALTER TO THE CALENDAR OF THE HON. LEGROME D. DAVIS . ( SIGNED BY CLERK OF COURT MICHAEL E. KUNZ ) 5/16/02 ENTERED AND COPIES FAXED. (kw) (Entered: 05/16/2002) |
| 06/24/2002 | 22 | STIPULATION AND ORDER THAT THE TIME FOR DEFTS TO RESPOND TO THE CLASS ACTION COMPLAINT IN THE ABOVE MATTER SHALL BE EXTENDED TO 7/31/02 , ETC. ( SIGNED BY JUDGE LEGROME D. DAVIS ) 6/25/02 ENTERED AND COPIES FAXED ON 6/24/02. (kw) (Entered: 06/25/2002) |
| 08/28/2002 | 23 | STIPULATION AND ORDER THAT THE TIME FOR DEFTS TO RESPOND TO THE CLASS ACTION COMPLAINT IN THE ABOVE MATTER SHALL BE EXTENDED TO 9/20/02 & THAT PLFFS MAY FILE A RENEWED MOTION FOR CLASS CERTIFICATION, WITHOUT LEAVE OF COURT, IF THE |

| | | |
|---|---|---|
| | | ANTICIPATED SETTLEMENT AGREEMENT IS NOT CONSUMAATED , ETC. ( SIGNED BY JUDGE LEGROME D. DAVIS ) 8/28/02 ENTERED AND COPIES FAXED BY CHAMBERS ON 8/27/02. (kw) (Entered: 08/28/2002) |
| 09/24/2002 | 24 | STIPULATION AND ORDER THAT THE TIME FOR DEFTS TO RESPOND TO THE CLASS ACTION COMPLAINT IN THE ABOVE MATTER SHALL BE EXTENDED TO 10/10/02 & THAT PLFFS MAY FILE A RENEWED MOTION FOR CLASS CERTIFICATION, WITHOUT LEAVE OF COURT, IF THE ANTICIPATED SETTLEMENT AGREEMENT IS NOT CONSUMMATED, ETC. ( SIGNED BY JUDGE LEGROME D. DAVIS ) 9/25/02 ENTERED AND COPIES FAXED BY CHAMBERS ON 9/24/02. (kw) (Entered: 09/25/2002) |
| 10/16/2002 | 25 | STIPULATION AND ORDER THAT THE TIME FOR DEFTS TO RESPOND TO THE CLASS ACTION COMPLAINT IN THE ABOVE MATTER SHALL BE EXTENDED TO 10/25/02 & THAT PLFFS MAY FILE A RENEWED MOTION FOR CLASS CERTIFICATION, WITHOUT LEAVE OF COURT, IF THE ANTICIPATED SETTLEMENT AGREEMENT IS NOT CONSUMMATED, ETC. ( SIGNED BY JUDGE LEGROME D. DAVIS ) 10/17/02 ENTERED AND COPIES FAXED BY CHAMBERS ON 10/16/02. (kw) (Entered: 10/17/2002) |
| 10/29/2002 | 26 | STIPULATION AND ORDER THAT THE TIME FOR DEFTS TO RESPOND TO THE CLASS ACTION COMPLAINT IN THE ABOVE MATTER SHALL BE EXTENDED TO 11/8/02 & THAT PLFFS MAY FILE A RENEWED MOTION FOR CLASS CERTIFICATION, WITHOUT LEAVE OF COURT, IF THE ANTICIPATED SETTLEMENT AGREEMENT IS NOT CONSUMMATED, ETC. ( SIGNED BY JUDGE LEGROME D. DAVIS ) 10/20/02 ENTERED AND COPIES FAXED BY CHAMBERS ON 10/29/02. (kw) (Entered: 10/30/2002) |
| 11/18/2002 | 27 | STIPULATION AND ORDER THAT THE TIME FOR DEFTS TO RESPOND TO THE CLASS ACTION COMPLAINT SHALL BE EXTENDED TO 11/22/02 & THAT PLFFS MAY FILE A RENEWED MOTION FOR CLASS CERTIFICATION, WITHOUT LEAVE OF COURT, IF THE ANTICIPATED SETTLEMENT AGREEMENT IS NOT CONSUMMATED, ETC. ( SIGNED BY JUDGE LEGROME D. DAVIS ) 11/19/02 ENTERED AND COPIES FAXED BY CHAMBERS ON 11/18/02. (kw) (Entered: 11/19/2002) |
| 11/27/2002 | 28 | STIPULATION AND ORDER THAT THE TIME FOR DEFTS TO RESPOND TO THE CLASS ACTION COMPLAINT IN THE ABOVE MATTER SHALL BE EXTENDED TO 12/20/02 & PLFFS MAY FILE A RENEWED MOTION FOR CLASS |

| | | |
|---|---|---|
| | | CERTIFICATION, WITHOUT LEAVE OF COURT, IF THE ANTICIPATED SETTLEMENT AGREEMENT IS NOT CONSUMMATED, ETC. ( SIGNED BY JUDGE LEGROME D. DAVIS ) 11/29/02 ENTERED AND COPIES FAXED BY CHAMBERS ON 11/27/02. (kw) (Entered: 11/29/2002) |
| 12/30/2002 | 29 | STIPULATION AND ORDER THAT THE TIME FOR THE DEFENDANTS TO RESPOND TO THE CLASS ACTION COMPLAINT IN THE ABOVE MATTER SHALL BE EXTENDED TO 12/24/02 AND THAT PLAINTIFFS MAY FILE A RENEWED MOTION FOR CLASS CERTIFICATION, WITHOUT LEAVE OF COURT, IF THE ANTICIPATED SETTLEMENT AGREEMENT IS NOT CONSUMMATED; ETC. ( SIGNED BY JUDGE LEGROME D. DAVIS ) 12/31/02 ENTERED AND FAXED BY CHAMBERS. (jl) (Entered: 12/31/2002) |
| 12/31/2002 | 30 | STIPULATION AND ORDER THAT THE TIME FOR THE DEFENDANTS TO RESPOND TO THE CLASS ACTION COMPLAINT IN THE ABOVE MATTER SHALL BE EXTENDED TO 1/10/03; ETC. ( SIGNED BY JUDGE LEGROME D. DAVIS ) 12/31/02 ENTERED AND FAXED BY CHAMBERS. (jl) (Entered: 12/31/2002) |
| 01/14/2003 | 31 | STIPULATION AND ORDER THAT THE TIME FOR DEFTS TO RESPOND TO THE CLASS ACTION COMPLAINT IN THE ABOVE MATTER SHALL BE EXTENDED TO 1/24/03 & THAT PLFFS MAY FILE A RENEWED MOTION FOR CLASS CERTIFICATION, WITHOUT LEAVE OF COURT, IF THE ANTICIPATED SETTLEMENT AGREEMENT IS NOT CONSUMMATED, ETC. ( SIGNED BY JUDGE LEGROME D. DAVIS ) 1/15/03 ENTERED AND COPIES FAXED BY CHAMBERS ON 1/14/03. (kw) (Entered: 01/15/2003) |
| 01/24/2003 | 32 | RENEWED MOTION BY PLAINTIFF ELIZABETH GALLOWAY FOR CLASS CERTIFICATION , MEMORANDUM, CERTIFICATE OF SERVICE. (kw) (Entered: 01/27/2003) |
| 01/29/2003 | 33 | STIPULATION AND ORDER, RESET ANSWER DUE FOR 1/30/03 FOR CARL GREENE, WILLIAM KEITH, PHA, FELICIA MOTON, NHP MANAGEMENT CO, MANAGING GENERAL PAR, CDA SOUTHWARK, INC., SOUTHWARK PLAZA LIMI ( SIGNED BY JUDGE LEGROME D. DAVIS ) 1/30/03 ENTERED AND COPIES MAILED AND FAXED. (ph) (Entered: 01/30/2003) |
| 01/29/2003 | | Notice that a Status conference will be held at 10:30 A.M. on Tuesday, 3/18/03, before the Honorable Legrom Davis in Room 5918. (ar) (Entered: 01/30/2003) |
| | | |

| 01/30/2003 | 34 | JOINT MOTION BY PLAINTIFF ELIZABETH GALLOWAY, DEFENDANT SOUTHWARK PLAZA LIMI, DEFENDANT CDA SOUTHWARK, INC., DEFENDANT PHA, DEFENDANT CARL GREENE FOR CONDITIONAL CERTIFIFCATION & APPROVAL OF PRELIMINARY NOTICE TO THE CLASS . (kw) (Entered: 01/31/2003) |
|---|---|---|
| 01/31/2003 | 35 | Praecipe by PLAINTIFF ELIZABETH GALLOWAY to withdraw plffs' RENEWED MOTION FOR CLASS CERTIFICATION, Certificate of Service. (kw) (Entered: 02/03/2003) |
| 02/11/2003 |  | Bench trial SET at 10:00AM on 6/12/03 (md) (Entered: 02/11/2003) |
| 02/19/2003 | 36 | ORDER THAT THE COURT FINDS THAT THE STIPULATION IN SETTLEMENT AGREEMENT BETWEEN THE PARTIES APPEARS, UPON PRELIMINARY REVIEW, TO BE FAIR, ADEQUATE, AND REASONABLE, AND SHALL BE SUBMITTED TO THE CLASS MEMBERS FOR THEIR REVIEW AND FOE A HEARING TO DETERMINE WHETHER THE SETTLEMENT WILL BE APPROVED BY THE COURT. A HEARING SHALL BE HELD ON 6/12/03 AT 10:00 IN COURTROOM 12A; THE NOTICE OF PROPOSED SETTLEMENT TO THE CLASS IN THE FORM ATTACHED AS EXHIBIT 3 TO THE STIPULATION IN SETTLEMENT IS APPROVED AS SATISFYING F.R.C.P. 23(c)(2), ETC. ( SIGNED BY JUDGE LEGROME D. DAVIS ) 2/19/03 ENTERED AND COPIES FAXED BY CHAMBERS ON 2/19/03. (rv) (Entered: 02/19/2003) |
| 04/04/2003 | 37 | Certificate of service of Heather A. Macaulay, re: Served a true and correct copy of notice of proposed settlement of class action & of settlement hearing involving public housing rights at the Courtyard apartments at Reiverview & Request for exclusion to be served upon Michael Donahue, Esq., et al on 4/4/03. (kw) (Entered: 04/07/2003) |
| 04/09/2003 | 38 | Request for exclusion by Joseph J. Schlitzer and Shelia Owens. (kw) (Entered: 04/09/2003) |
| 04/11/2003 | 39 | Request for exclusion by Guo Ping Xin. (kw) (Entered: 04/14/2003) |
| 04/14/2003 | 40 | Request for exclusion by Charlotte Greene. (kw) (Entered: 04/14/2003) |
| 04/15/2003 | 41 | Request for exclusion by Angelina Butler, Stephannie Swain, et al. (kw) (Entered: 04/15/2003) |
| 04/17/2003 | 42 | Request for Exclusion by Reba Thomas. (ar) (Entered: 04/17/2003) |

| 04/18/2003 | 43 | Request for exclusion by Grace Bradley. (kw) (Entered: 04/18/2003) |
| 04/22/2003 | 44 | Request for exclusion by Mary Sam Carayol and Sharmain Lyles. (kw) (Entered: 04/22/2003) |
| 04/28/2003 | 45 | Request for exclusion by Mary E. Rhodes. (kw) (Entered: 04/29/2003) |
| 04/29/2003 | 46 | Request for exclusion by Rebecca Washington, Samuel Dorn, & I - Jane Wu. (kw) (Entered: 04/30/2003) |
| 05/01/2003 | 47 | Request for exclusion by Doris Wallace. (kw) (Entered: 05/02/2003) |
| 05/02/2003 | 48 | Request for exclusion by Delois Washington. (kw) (Entered: 05/05/2003) |
| 05/06/2003 | 49 | Request for Exclusion by MAGGIE L. THOMAS. (mbh) (Entered: 05/06/2003) |
| 05/08/2003 | 50 | Certificate of service of Heather A. Macaulay, re: Caused a true and correct copy of the Notice of Proposed Settlement of Class Action & Settlement Hearing Involving Your Public Housing Rights at the Courtyard Apartments at Riverview & Request for Exclusion upon Remel Douglas, et al on 5/1/03. (kw) (Entered: 05/09/2003) |
| 05/08/2003 | 51 | Praecipe by DEFENDANT MANAGING GENERAL PAR, PLAINTIFF ELIZABETH GALLOWAY, DEFENDANT PHA, DEFENDANT SOUTHWARK PLAZA LIMITED to amend Exhibit 5 attached to the joint motion for conditional certification & approval of preliminary notice to the class. (kw) Additional attachment(s) added on 5/27/2003 (ar, ). (Entered: 05/09/2003) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/04/2003 10:34:01 | | |
| **PACER Login:** | cl0042 | **Client Code:** | |
| **Description:** | Docket Report | **Case Number:** | 2:01-cv-00835-LDD |
| **Billable Pages:** | 4 | **Cost:** | 0.28 |

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

ELIZABETH GALLOWAY, et al.  :
    **Plaintiffs** :
     :    C.A. #01-0835
SOUTHWARK PLAZA LIMITED PARTNERSHIP,  :
    et al. :
    **Defendants** :

## CERTIFICATION OF SERVICE

Michael Donahue, Esquire, counsel for the plaintiffs in the above matter, hereby certifies

that he served a copy of the foregoing plaintiffs' memorandum in support of the approval of the

proposed settlement agreement in the above matter, upon the following parties, by letter dated

June 4, 2003, mailed by first class mail, postage prepaid, to the following addresses:

Jeffrey A. Lutsky, Esquire
2600 One Commerce Square
Philadelphia, PA 19103
Counsel for the Southwark Defendants

Denis J. Lawler, Esquire
Blank, Rome, LLP
One Logan Square
Philadelphia, PA 19103
Counsel for the PHA Defendants

 

Michael Donahue, Esquire
George D. Gould, Esquire
Community Legal Services, Inc.
1424 Chestnut Street
Philadelphia, PA 19102
215-981-3700
Counsel for Plaintiffs